SARAH S. VANCE, Chair
Before the Panel:* Defendant Starbucks Corporation moves under *1371 28 U.S.C. § 1407 to centralize pretrial proceedings in this litigation in the Eastern District of California.[1] The litigation consists of nine actions pending in the Eastern District of California, eleven actions in the Northern District of California, and one action in the Central District of California, as listed on Schedule A. The parties have notified the Panel of six additional actions involving related issues. Common plaintiff Scott Johnson opposes centralization.
On the basis of the papers filed and the hearing session held, we deny Starbucks' motion. These actions are only facially similar. In each action, plaintiff, who is quadriplegic, alleges that he visited a Starbucks in California, and encountered one or more illegal barriers to access that caused him difficulty and frustration, and that have deterred him from returning. Plaintiff asserts that these barriers violate the Americans with Disabilities Act and California's Unruh Civil Rights Act. But each action involves a different Starbucks (in one case, two Starbucks are involved), and the unique circumstances in existence at that Starbucks at the time of plaintiff's visits.[2] Even the alleged barriers are not the same from action to action. Although in all 21 actions, one specific alleged barrier concerns the absence of a lowered, 36-inch portion of the transaction counter available for use by wheelchair users, several of the actions involve additional alleged barriers, such as an inaccessible parking space or non-ADA compliant door hardware. Starbucks does not point to any common policies or procedures at issue, and it does not suggest that there will be any common witnesses other than plaintiff himself.
The significantly varying procedural posture of the cases also weighs against centralization. Although the most recent actions were filed in March of this year, seven of the 21 cases were commenced in 2016, and six in 2017. In at least three of the actions, the fact discovery cutoff already has passed. Finally, the limited number of involved counsel[3] and districts suggests that cooperation and informal coordination by the involved courts and counsel should be effective in minimizing or eliminating duplicative pretrial proceedings.
IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.
SCHEDULE A
MDL No. 2849 - IN RE: STARBUCKS CORPORATION ACCESS FOR INDIVIDUALS WITH DISABILITIES LITIGATION
Central District of California
JOHNSON v. STARBUCKS CORPORATION, ET AL., C.A. No. 2:18-00717
Eastern District of California
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 2:16-02489
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 2:16-02792
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 2:16-02797
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 2:16-02820
JOHNSON v. VALLEY MACK PLAZA CO. L.P., ET AL., C.A. No. 2:17-01125
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 2:17-01718
JOHNSON v. BRIXTON SHERWOOD, LLC, ET AL., C.A. No. 2:17-02082 *1372 JOHNSON v. STARBUCKS CORPORATION, C.A. No. 2:17-02521
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 2:18-00395
Northern District of California
JOHNSON v. LOS GATOS GATEWAY, LLC, ET AL., C.A. No. 3:16-03495
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 3:16-06792
JOHNSON v. BLACKHAWK CENTERCAL, LLC, ET AL., C.A. No. 3:17-02454
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 3:17-06836
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 3:18-01134
JOHNSON v. GOODHUE, ET AL., C.A. No. 4:16-00724
JOHNSON v. SEBANC, ET AL., C.A. No. 4:18-00585
JOHNSON v. WELLS FARGO BANK, NATIONAL ASSOCIATION, ET AL., C.A. No. 4:18-00972
JOHNSON v. LET IT FLHO, LP, ET AL., C.A. No. 4:18-01293
JOHNSON v. STARBUCKS CORPORATION, C.A. No. 5:18-01595
JOHNSON v. MONTEREY FISH COMPANY, INC., ET AL., C.A. No. 5:18-01985

Judge Lewis A. Kaplan took no part in the decision of this matter.

Starbucks states that it is amenable to centralization in any district.

In one of the Eastern District of California actions, plaintiff also sues other retailers apparently located in the same shopping complex as the Starbucks.

In all actions, plaintiff is represented by the Center for Disability Access and Starbucks is represented by Burnham Brown.